**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Preston Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Philip G. Reinhard |
| | ) | |
| vs. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| Northern Illinois University, | ) | No. 15 C 50154 |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**
**AND MOTION FOR EXTENSION OF TIME TO ANSWER**

NOW COMES Defendant NORTHERN ILLINOIS UNIVERSITY ("NIU"), by and through its attorney, Lisa Madigan, Attorney General of Illinois, respectfully moves this Court to dismiss Counts II, III, IV, VI, and VII, as well as Plaintiff's constructive discharge, failure to promote, and the time barred adverse employment action claims in Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant further moves that this Court extend its deadline to file an answer to Plaintiff's Complaint until 21 days after the Court has ruled on Defendant's instant Motion to Dismiss. In support of its motion, Defendant states as follows:

1.    Plaintiff is a former employee of NIU who last worked as a Research Associate/Assistant in the Department of Enrollment prior to his voluntarily resignation on March 9, 2015. Plaintiff alleges that because he is an African-American male, NIU refused to promote him and gave him additional work assignments while denying his request for raises on the following dates: August 31, 2013, September 27, 2013, March of 2014, October of 2014, January 8, 2015, and February 11, 2015.

1

2.      On July 6, 2015, Plaintiff filed this lawsuit against NIU, the sole Defendant in this case.

3.      In the instant case, Plaintiff has filed a seven-count complaint against NIU alleging discrimination on the bases of his race and gender in violation of Title VII (Counts I) and retaliation for filing an internal grievance on January 27, 2015 (Count II).

4.      Further, Plaintiff's complaint alleges that NIU discriminated against him based on his race and retaliated against him pursuant to 42 USC § 1981 (Counts III and IV); violated the Federal Equal Pay Act (Count V); violated the Illinois Equal Pay Act (Count VI), and committed the Illinois tort of Breach of contract (Count VII).

5.      Plaintiff filed two separate Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  The first charge was filed on April 3, 2015, and alleged that NIU did not adequately compensate him and constructively discharged him on March 9, 2015 because he is an African-American male.  On April 8, 2015, the EEOC issued Plaintiff a right-to-sue letter for the April 3, 2015 charge.   On June 10, 2015, Plaintiff filed his second charge, which alleged that in March of 2014, NIU denied him the position of Associate Director because he is an African-American male and retaliated against him by causing his constructive discharge on March 9, 2015, because he filed an internal grievance regarding alleged unfair compensation.

6.      First, this Court should dismiss any claims of alleged adverse employment actions that occurred more than 180 days before Plaintiff filed her April 3, 2015 Charge of Discrimination.  Plaintiff is time-bared from filing suit under Title VII for any discrete act about which he did not file an EEOC charge within the 180 day EEOC charging deadline.  *See* 42 U.S.C.A. § 2000e5(e)(1).

2

7.      Second, this Court should dismiss Counts III and IV for failure to state a claim under Rule 12(b)(6) because Plaintiff's § 1981 claims against NIU are barred pursuant to the Eleventh Amendment.

8.      Third, this Court should dismiss Plaintiff's Title VII retaliation claim (Count II) and failure to promote claims because (1) Plaintiff has not been authorized to pursue the issues raised in his June 10, 2015 Charge of Discrimination in federal court and; (2) Plaintiff did not include those allegations in his April 3, 2015 charge; therefore, he cannot assert such a claim because he did not exhaust his administrative remedies.

9.      Fourth, Plaintiff's Constructive Discharge claims should be dismissed because unequal pay or a failure to promote is not enough to constitute a constructive discharge.  *See, E.g., Jones v. National Council of Young Men's Christian Associations of the United States of America*, 48 F.Supp. 3d 1054, 1117 (N.D. Ill. 2014); *Lindale v Tokheim Corp*., 145 F.3d 953, 956 (7th Cir. 1998).  Also, Plaintiff has not alleged any intolerable or retaliatory conduct by NIU that occurred between his January 27, 2015 internal grievance and his voluntary resignation.

10.     Lastly, this Court should dismiss Counts VI and VII for lack of jurisdiction under Rule 12(b)(1) because Plaintiff's State Law Claims against NIU are barred by the Doctrine of Sovereign Immunity.

11.     Defendant requests that this Court extend its time to answer Plaintiff's Complaint until 21 days after this Court rules upon Defendant's instant Motion to Dismiss.

For the reasons stated above and set forth in greater detail in Defendant's memorandum of law in support of its motion to dismiss, Defendant respectfully request that this Honorable Court dismiss Counts II, III, IV, VI, and VII, as well as Plaintiff's constructive discharge, failure to promote, and the time-barred adverse employment action claims in Plaintiff's Complaint,

grant Defendant an extension of its deadline to answer the remaining portions of the Complaint until 21 days after this Court rules on Defendant's Motion to Dismiss, and for any further relief this court deems just and proper.

.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| LISA MADIGAN |  |  |
| Attorney General of Illinois | By: | s/Helena Wright |
|  |  | HELENA WRIGHT |
|  |  | Assistant Attorney General |
|  |  | General Law Bureau |
|  |  | 100 W. Randolph St., 13th Fl. |
|  |  | Chicago, Illinois 60601 |
|  |  | (312) 814-2035 |