IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Preston Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Philip G. Reinhard |
| | ) | |
| vs. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| Northern Illinois University, | ) | No. 15 C 50154 |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT
AND MOTION FOR EXTENSION OF TIME TO ANSWER**

NOW COMES Defendant NORTHERN ILLINOIS UNIVERSITY ("NIU"), by and through its attorney, Lisa Madigan, Attorney General of Illinois, and in support of its Motion to Dismiss Portions of Plaintiff's Complaint and Motion for Extension of Time to Answer, Defendant states as follows:

**I.    BACKGROUND[1]**

Plaintiff is a former employee of NIU who last worked as a Research Associate/Assistant in the Department of Enrollment prior to his voluntarily resignation on March 9, 2015.  *See* Pl. Compl. at ¶¶ 12, 40, Dkt. No. 1.  Plaintiff alleges that because he is an African-American male, NIU refused to promote him and gave him additional work assignments while denying his request for raises on the following dates: August 31, 2013, September 27, 2013, March of 2014, October of 2014, January 8, 2015, and February 11, 2015.  *See* Pl. Compl. at ¶¶ 18, 24, 30, 32, 37, 39.

---

[1] This Background section is being submitted for the purpose of Defendant's Motion to Dismiss only and not intended as an admission of any allegations within Plaintiff's complaint.

1

Prior to Plaintiff's voluntary resignation, he filed an internal grievance on January 27, 2015, alleging "arbitrary, capricious, or oppressive treatment pertaining to application of benefits and terms of conditions of employment." Pl. Compl. at ¶ 38.

Plaintiff filed two separate Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Pl. Compl. at ¶¶ 5-7, Exhibit A-C. The first charge was filed on April 3, 2015, and alleged that NIU did not adequately compensate him and constructively discharged him on March 9, 2015 because he is an African-American male. *Id*. On April 8, 2015, the EEOC issued Plaintiff a right-to-sue letter for the April 3, 2015 charge. *Id*. On June 10, 2015, Plaintiff filed his second charge, which alleged that in March of 2014, NIU denied him the position of Associate Director because he is an African-American male and retaliated against him by causing his constructive discharge on March 9, 2015, because he filed an internal grievance regarding alleged unfair compensation. *Id*.

On July 6, 2015, Plaintiff filed this lawsuit against NIU, the sole Defendant in this case. *See* Pl. Compl., Dkt. No. 1. NIU is a State of Illinois public university. *See* Pl. Compl. at ¶ 2. In the instant case, Plaintiff has filed a seven-count complaint against NIU alleging discrimination on the bases of his race and gender in violation of Title VII (Counts I) and retaliation for filing an internal grievance on January 27, 2015 (Count II). Further, Plaintiff's complaint alleges that NIU discriminated against him based on his race and retaliated against him pursuant to 42 USC § 1981 (Counts III and IV); violated the Federal Equal Pay Act (Count V); violated the Illinois Equal Pay Act (Count VI), and committed the Illinois tort of Breach of Contract (Count VII). As argued below, Counts II, III, IV, VI, and VII, as well as Plaintiff's constructive discharge, failure to promote, and the time-barred adverse employment action claims should be dismissed.

2

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction, and the burden of proof is on the party asserting jurisdiction. *Harris v. State of Illinois, et al.*, 753 F.Supp.2d 734, 737-38 (N.D. Ill. 2010). The court may consider materials outside of the pleadings without converting a Rule 12(b)(1) motion to a motion for summary judgment, and in ruling, the court looks both to the allegations and the other materials relating to the issue of the court's jurisdiction. *Duke v. Affiliated Psychological Services, et al.*, 2004 WL 2203433, *1 (N.D. Ill. Sept. 28, 2004) (*citing English v. Cowell,* 10 F.3d 434 (7th Cir. 1993)).

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint's factual pleadings; and, in order to survive a motion pursuant to Rule 12(b)(6), a complaint must contain facts that, if taken as true, plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibly when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007)).

### III. ARGUMENT

#### A. Some of Plaintiff's alleged adverse employment actions are time barred.

The limitation period with Title VII claims begins to run when "the alleged unlawful employment practice occurred." 42 U.S.C. § 20003-5(e)(1). Each alleged incident of racial discrimination or retaliatory adverse employment action "'constitutes a separate actionable unlawful employment practice for the purpose of the limitation period for filing an EEOC charge." *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014). Each discrete act of discrimination or retaliatory action starts the clock to run on the limitation period. *Id*. Therefore, Plaintiff is time-bared from filing suit under Title VII for any discrete act about which he did not file an EEOC charge within the 180 day EEOC charging deadline. *See* 42 U.S.C.A. § 2000e5(e)(1).

On August 3, 2015, Plaintiff filed his EEOC charge that he was "assigned additional duties and not compensated for those additional duties while other employees were compensated for performing additional duties." According to the well-settled case law and statute cited above, Plaintiff must rely solely on the alleged discriminatory or retaliatory acts that occurred on or after October 5, 2014. All other acts are time-barred and should be dismissed.

#### B. Plaintiff's §1981 claims against NIU should be dismissed because they are barred pursuant to the Eleventh Amendment.

In Plaintiff's Complaint, he alleges § 1981 claims of discrimination based on race (Count III); and retaliation pursuant to 42 U.S.C. § 1981 (Count IV) against NIU. The Eleventh Amendment shields the State of Illinois and its agencies from many claims brought in federal courts. *Harden v Board of Trustees Eastern Illinois University*, 2013 WL 6248500 at *5 (C.D.Ill. Dec. 2, 2013) (*citing* U.S. CONST. AMEND. XI). "A federal court may hear a claim

4

against a state if the state consents to jurisdiction or Congress has abrogated the state's Eleventh Amendment immunity." *Id*. (*citing Ameritech v. McCann,* 297 F.3d 582, 585 (7th Cir. 2002)).

NIU is an agency of the State of Illinois for Eleventh Amendment purposes. *See Alexander v. NEIU*, 586 F.Supp.2d 905, 913-14 (N.D.Ill. 2008). Plaintiff cannot state a claim under § 1981 against NIU because it is immune from such suits pursuant to the Eleventh Amendment. *See Id*.; see also *Harden,* 2013 WL 6248500 at *5. Therefore, this Court should dismiss Counts III and IV for failure to state a claim under Rule 12(b)(6).

### C. Plaintiff's Title VII retaliation and failure to promote claims should be dismissed because he did not exhaust his administrative remedies.

Prior to a plaintiff bringing a Title VII claim, that plaintiff must file a charge with the EEOC that details the alleged unlawful employment action and receive authorization from the EEOC to file a civil action. *Conner v. Ill. Dept. Of Natural Resources*, 403 F.3d 675, 680 (7th Cir. 2005). Plaintiff filed two separate Charges of Discrimination with the EEOC. The first charge was filed on April 3, 2015, which alleged that NIU did not adequately compensate Plaintiff and constructively discharged Plaintiff on March 9, 2015 because he is an African-American male. On April 8, 2015, the EEOC issued Plaintiff a right-to-sue letter for the April 3, 2015 charge. On June 10, 2015, Plaintiff filed his second charge, which alleged that in March of 2014, NIU denied Plaintiff the position of Associate Director because he is an African-American male and retaliated against plaintiff when he filed an internal grievance regarding alleged unfair compensation which caused his constructive discharged on March 9, 2015. Plaintiff has not alleged that he received a right-to-sue letter or otherwise authorization to pursue this Title VII retaliation and failure to promote claims. Accordingly, Plaintiff has failed to exhaust his administrative remedies with regard to the issues raised in his June 10, 2015 Charge of Discrimination.

5

Plaintiff cannot rely on his April 3, 2015 Charge of Discrimination to proceed on his retaliation and failure to promote claims because those claims are beyond the scope of that charge. "It is well established that the scope of an EEOC charge limits the scope of a subsequent federal complaint." *Sutton v. Apple, Inc.,* 2011 WL 2550500, *2 (N.D. Ill. 2011); *Sitar v. Indiana Dept. of Transportation*, 344 F.3d 720, 726 (7th Cir. 2003); *Bradley v. State of Illinois Dept. of Public Aid*, 2000 WL 1738344, *1 (N.D. Ill. 2000). The only qualification to this principle applies to claims that are "like or reasonably related" to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges. *Rush v. McDonalds's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (quoting *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.3d 164, 167 (7th Cir. 1976)).

"[C]laims of retaliation occurring prior to the filing of a charge but not included in that charge do not fall within the scope of the charge and may not be presented in federal court unless such claims have been exhausted." *Catlett v. United States Postal Service*, 795 F.Supp. 878, 881 (C.D.Ill 1992) (*citing Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 544–45 (7th Cir.1988); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 546–47 (6th Cir.1991)). Plaintiff only exhausted his administrative remedies with regards to the allegations he asserted in the April 3, 2015 Charge of Discrimination. As Plaintiff did not include allegations of retaliation and failure to promote in his April 3, 2015 charge, he cannot assert such a claim because he did not exhaust his administrative remedies. Therefore, Count II and claims of NIU's failure to promote should be dismissed.

### D. Plaintiff's Constructive Discharge claims based on discrimination and retaliation against NIU should be dismissed.

Plaintiff cannot establish that his voluntary resignation from NIU rises to the level of constructive discharge. Plaintiff claims that on March 9, 2015, he was constructively discharged

because (1) NIU refused to adequately compensate him for the work he performed because of his race and gender; and (2) NIU retaliated against him after he filed an internal grievance on January 27, 2015. Pl. Compl. at ¶¶ 38, 40, 46, 54. "The term 'constructive discharge' refers to the situation in which an employee is not fired but quits, but circumstances that the working conditions have made remaining with this employer simply intolerable." *Lindale v Tokheim Corp*., 145 F.3d 953, 955 (7th Cir. 1998); *see also EEOC v. Univ. of Chi. Hosp.*, 276 F.3d 326, 331 (7th Cir. 2002) (A plaintiff must show that he "was forced to resign because her working conditions, from the standpoint of a reasonable employee, had become unbearable.") *EEOC v. Univ. of Chi. Hosp.*, 276 F.3d 326, 331 (7th Cir. 2002). "[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress." *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir.1997) (*citing Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir.1996)).

Plaintiff's allegation of unequal pay is not enough to constitute constrictive discharge.[2] *See, e.g., Jones v. National Council of Young Men's Christian Associations of the United States of America*, 48 F.Supp. 3d 1054, 1117 (N.D. Ill. 2014); *see also Winters v. Prudential-Bache Securities, Inc.,* 608 F. Supp. 751 (N.D. Ill. 1984) (failure to award salary increases does not state a claim for constructive discharge). Further, Plaintiff has not alleged any intolerable or retaliatory conduct by NIU that occurred between his January 27, 2015 internal grievance and his voluntary resignation. Since Plaintiff has not alleged any conduct that meets the standard under the law for constructive discharge, Plaintiff should be precluded from pursuing his constructive discharge claims.

---

[2] It is unclear in Plaintiff's compliant whether he claims he was constructively discharged because NIU failed to promote him. To the extent that Plaintiff is attempting to make such an allegation, Plaintiff cannot establish that NIU's allege failure to promote caused his constructive discharge. *Lindale v Tokheim Corp*., 145 F.3d 953, 956 (7th Cir. 1998) ("a reasonable employee would not have considered a failure to be promoted an event that made her working condition intolerable.")

### E. Plaintiff's State Law claims against NIU should be dismissed because they are barred by the Doctrine of Sovereign Immunity.

In Plaintiff's Complaint, he alleges the violation of the Illinois Equal Pay Act (Count VI) and the Illinois tort claim of Breach of Contract (Count VII). However, these claims are barred by the Illinois State Lawsuit Immunity Act which provides that the State of Illinois is immune from suit in any court. 745 ILCS 5/1. "[S]tate rules of immunity are binding in federal court with respect to state causes of action." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Circuit. 2003). A State entity is entitled to sovereign immunity when the action states a claim that has the potential of subjecting the State to liability and adversely affecting the rights of the State. See, e.g., *Ellis v. Board of Governors*, 102 Ill. 2d 387, 393-95 (1984). Here, relief sought by Plaintiff, injunctive relief and monetary damages, on his state law claims would control the actions of NIU, a state university, and subject the State to liability, the action is really one against the State and, thus barred by Sovereign Immunity. As such, Counts VI and VII should be dismissed for lack of jurisdiction under Rule 12(b)(1).[3]

### IV. EXTENSION OF TIME TO ANSWER

Pursuant to Federal Rule of Civil Procedure 6(b), NIU request that this Court extend its time to answer the remaining portions of Plaintiff's Complaint until 21 days after this Court rules on Defendant's instant Motion to Dismiss.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss Counts II, III, IV, VI, and VII, as well as Plaintiff's constructive discharge, failure to promote, and the time-barred adverse employment action claims in Plaintiff's Complaint, grant Defendant an extension of its deadline to answer the remaining portions of the Complaint until 21 days after

---

[3] Also only the Director of the Illinois Department of Labor has been authorized by the legislature to enforce or administer the Illinois Equal Pay Act. *See* Illinois Equal Pay Act of 2003, 820 ILCS/5-15.

this Court rules on Defendant's Motion to Dismiss, and for any further relief this court deems just and proper.

|  |  | Respectfully submitted, |
|---|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | By: | s/Helena Wright<br>HELENA WRIGHT<br>Assistant Attorney General<br>General Law Bureau<br>100 W. Randolph St., 13th Fl.<br>Chicago, Illinois 60601<br>(312) 814-2035 |