IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Preston Brown, | ) | |
| | ) | Case No. 15 C 50154 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Northern Illinois University, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, defendant's motion for partial judgment on the pleadings [29] is granted. Count I is dismissed in part. Count II is dismissed without prejudice to plaintiff seeking leave to amend his complaint when and if he receives a right-to-sue letter. Counts III, IV, VI, and VII are dismissed pursuant to agreement of the parties.

## STATEMENT - OPINION

On July 6, 2015, plaintiff Preston Brown filed a seven-count complaint against defendant Northern Illinois University ("NIU"), his former employer, after quitting his position as research assistant on March 9, 2015. [1]. In his complaint, plaintiff alleged the following: (Count I) Title VII racial/gender discrimination by denying plaintiff's multiple requests for additional compensation, by failing to promote him, and by constructively discharging him "[b]y refusing to adequately compensate him for work performed"; (Count II) Title VII retaliation for filing an internal grievance; (Count III) Section 1981 discrimination based on race; (Count IV) Section 1981 retaliation; (Count V) violation of the Equal Pay Act for failing to pay him at the same rate as females who performed substantially similar work; (Count VI) violation of the Illinois Equal Pay Act; and (VII) breach of employment contract. *See* [1].

On October 28, 2015, defendant Northern Illinois University ("NIU") filed a motion for partial judgment on the pleadings. [29]. In the motion, defendant argued that Count I should be dismissed in part, and that Counts II, III, IV, VI, and VII should be dismissed in full. *See* [29].

On November 25, 2015, plaintiff filed his Response. [35]. In the Response, plaintiff agreed that Counts III, IV, VI, and VII should be dismissed. However, plaintiff argued that Counts I and II should not be dismissed in whole or in part. On December 14, 2015, defendant filed its Reply. [37]. This matter is now ripe for the court's review.

1

A Rule 12(c) motion is to be filed "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c); *see also Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) (Rule 12(c) motion timely even after dispositive motions deadline where it will not delay trial or interfere with Rule 16(b) requirements). "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

As an initial matter, because the parties are in agreement with respect to Counts III, IV, VI, and VII, the court grants defendant's motion [29] to dismiss those counts.

1. Count II – Retaliation.

With respect to Count II, alleging Title VII retaliation, defendant argues that this count should be dismissed because plaintiff has failed to exhaust his administrative remedies with regard to a claim of retaliation.

On April 3, 2015, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that NIU did not adequately compensate him and constructively discharged him because he is an African-American male. *See* [1-2]. The April 3rd charge did not reference retaliation. On April 8, 2015, the EEOC issued plaintiff a right-to-sue letter regarding the April 3, 2015 charge. *See* [1-3].

On June 9, 2015, plaintiff filed a second charge with the EEOC, adding additional allegations that NIU failed to promote him to several positions, and also retaliated against him for filing a February 24, 2015 internal complaint. *See* [1-4]. The EEOC has not responded to the latter charge.

Defendant points out that a plaintiff must exhaust his remedies with respect to each separate claim. "[A]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (internal quotations omitted); *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination"). The only exception is when claims are deemed closely related to allegations in the EEOC charge, but "[t]his Circuit has held that in order for claims to be deemed related, the EEOC charge and the

complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Teal*, 559 F.3d at 692. Here, the retaliation allegations do not describe the same conduct as that alleged in the April 3, 2015 charge.

In his Response, plaintiff agrees that he has failed to exhaust his remedies with respect to Count II. *See* [35] at 2. However, he claims that he "recently contacted the EEOC and will shortly be able to amend his complaint when the Notice of Right to Sue is received" and therefore "seeks leave of court to amend his Complaint filed on July 6, 2015, upon receiving the Notice of Right to Sue from the EEOC." *See id.*

Notwithstanding plaintiff's request, when a plaintiff has "failed to exhaust administrative remedies, her complaint must be dismissed without prejudice." *See Teal*, 559 F.3d at 693. The court can only review the pleadings which are before it. As such, defendant's motion for judgment on the pleadings [29] is granted with respect to Count II, without prejudice to plaintiff seeking leave to amend his complaint when and if he receives a right-to-sue letter.

2. Count I – Failure to Promote, Constructive Discharge, and Unequal Pay / Inadequate Compensation.

With respect to Count I, alleging discriminatory failure to promote, constructive discharge, and unequal pay / inadequate compensation, defendant argues that this count should be dismissed in part. The court will take each argument in turn.

First, defendant argues that plaintiff's failure to promote claim should be dismissed because, as with his retaliation claim, he has failed to exhaust his remedies because these allegations stem from his June 9, 2015 EEOC charge, for which he has not received a right-to-sue letter. For substantially the same reasons, the court grants defendant's motion with respect to the failure to promote claim without prejudice to plaintiff seeking leave to amend his complaint when and if he receives a right-to-sue letter.

Second, defendant argues that plaintiff's constructive discharge claim should be dismissed because allegations of unequal pay, inadequate compensation, and failure to promote do not constitute constructive discharge. "The term 'constructive discharge' refers to the situation in which an employee is not fired but quits, but in circumstances in which the working conditions have made remaining with this employer simply intolerable. . . . [T]he test for intolerable working conditions is whether a reasonable employee would have concluded that the conditions made remaining in the job unbearable." *Lindale v. Tokheim Corp.*, 145 F.3d 953, 955 (7th Cir. 1998). Failure to promote does not constitute constructive discharge. *Lindale*, 145 F.3d at 956. Nor does unequal pay or failure to receive an expected pay raise, without some allegation that the failure was so egregious as to force an employee to quit. *See Jones v. National Council of Young Men's Christian Associations of the United States of America*, 48 F. Supp. 3d. 1054, 1117 (N.D. Ill. 2014) (citing *White v. Dial Corp.*, 52 F.3d 329, at *5 (7th Cir.1995) (unpublished opinion)). Moreover, defendant points out that plaintiff has alleged no other intolerable or

retaliatory conduct that occurred between his internal grievance and his resignation. *See E.E.O.C. v. University of Chicago Hospitals*, 276 F.3d 326, 331 (7th Cir. 2002). The court agrees that plaintiff's only relevant allegations are inadequate compensation and failure to promote, neither of which constitute constructive discharge in this Circuit, at least with these allegations.

Plaintiff's only response to these arguments are that dismissal would be premature because "[t]hese are fact-intensive issues that will be fully developed during the course of discovery" and "[p]laintiff has not yet had the opportunity to prove any of his allegations, either through testimony or documentary evidence." *See* [35] at 2. Plaintiff misses the point that his allegations, even if taken as true, do not state a claim for constructive discharge. As such, defendant's motion for judgment on the pleadings is granted with respect to plaintiff's constructive discharge claim. If additional discovery reveals facts leading to a plausible inference of intolerable conduct, plaintiff may seek leave to reinstate this claim.

Third, defendant argues that while plaintiff's allegations of unequal pay may state a claim, some of his allegations are time-barred. In Count I of his complaint, plaintiff claims that "NIU denied Brown's requests for raises and/or additional compensation on or around August 2013, September 2013, October 2014, March 2014, January 8, 2015, and February 11, 2015" and asks the court to "direct NIU to make Brown whole for all earnings and benefits he would have received but for NIU's discriminatory treatment" including failure to increase his compensation on these dates. [1] at 7-9. Defendant argues that plaintiff is not entitled for damages with respect to his allegations of failure to compensate on "August 2013" and "September 2013" because he did not file his EEOC charge until August 3, 2015.

Plaintiff does not respond to defendant's argument, other than to state that dismissal is premature because there has been no factual development of the issues. *See* [35] at 2. Again, plaintiff fails to acknowledge that defendant bases its argument on plaintiff's allegations, even if taken as true. Defendant points out that in Illinios, a plaintiff must file a charge with the EEOC within 300 days of an alleged discriminatory act, and a failure to do so renders the charge untimely. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). Each alleged incident of discrimination constitutes a separate actionable unlawful employment practice and each discrete act starts the limitations clock with respect to that act. *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014). The court in *Adams* noted that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and as such each must fall within the statutory period. *See id.* (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Acts which are part of a continuing violation, such as acts leading to a hostile work environment, may be timely so long as any one of the acts falls within the statutory period. *See id.* However, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Id.*

Here, all discrete discriminatory acts that occurred before June 7, 2014 are outside the statutory limitations period. Because plaintiff pled each incident of failure to compensate as a

discrete act for which he was entitled to separate compensation, the court agrees that his allegations regarding August 2013 and September 2013 are untimely to the extent plaintiff seeks damages for failure to increase his compensation on those dates. *See id.* As such, defendant's motion for partial judgment on the pleadings is granted with respect to plaintiff's allegations regarding denial of his compensation requests on August of 2013 and September of 2013.

Date: 12/17/2015                    ENTER:

_____
                                    United States District Court Judge

Electronic Notices.  (LC)