IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Preston Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 50154 |
| | ) | |
| vs. | ) | |
| | ) | |
| Northern Illinois University, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, plaintiff's motions in limine are granted, defendant's first motion in limine is granted, and defendant's second and third motions in limine are denied. The stipulated statements of witness deposition testimony and the documents addressing any disagreements as to what should be included in such statements as discussed herein shall be filed on or before May 14, 2018. As directed herein, the parties shall report to the court as to their settlement efforts by May 1, 2018.

## STATEMENT - OPINION

Before the court are the parties' motions in limine (MIL). Plaintiff filed four MIL, defendant did not object to any of them, and they are granted. Defendant is barred from: 1) any discussion about the economic condition or status of the State of Illinois; 2) any mention of any prior motions in this case as well as the court's prior orders and any EEOC findings; 3) any reference to the time or circumstances under which plaintiff employed a lawyer or that a motive, purpose or result of this lawsuit is or will be to compensate plaintiff's lawyer; and 4) any discussion of the statute of limitations.

Defendant filed three MIL. Plaintiff did not object to the first and it is granted. Plaintiff is barred from presenting any evidence 1) relating to the claims that have been previously resolved in this case and 2) concerning the salaries of any NIU employees other than Michelle Hill.

Defendant filed corrected second and third MIL per the court's direction that it specify the particular lines from Handelsman's deposition it wishes to exclude. Plaintiff objects to defendant's second and third MIL. The second seeks to bar evidence regarding Sharon Handelsman's opinion of Michelle Hill's work performance based on Handelsman's experiences concerning Hill that occurred prior to Handelsman's return to NIU in August 2013. Defendant argues this is improper character evidence. Fed. R. Evid. 404(a). Defendant's third MIL seeks to

1

bar evidence of Handelsman's opinion regarding plaintiff's salary contending it is not relevant to whether plaintiff was paid less than Hill for performing the same job duties.

The court has reviewed Handelsman's deposition testimony and denies defendant's second and third MIL. Her testimony concerning her prior experience with Hill is not evidence of Hill's "character or character trait" that is being offered to prove Hill "acted in accordance with the character or character trait." Fed. R. Evid. 404(a). Handelsman's testimony that defendant challenges simply explains why Handelsman might have been looking at Hill's area when Handelsman returned to NIU in August 2013.

As to defendant's third MIL, the court finds the testimony is relevant and that its probative value is not outweighed by possible confusion to the jury. This testimony is relevant to Dr. Welty's knowledge of the pay differential and job duty overlap. The jury instructions will minimize the chance of jury confusion as to the claim that is at issue.

"[T]he decision to admit deposition testimony is within the sound discretion of the district court." Holmes v. Godinez, No. 11 C 2961, 2016 WL 4091625 * 6 (N.D. Ill. Aug. 2, 2016). "[T]he court may control the manner in which deposition testimony is presented," id., in order to fulfill the charge of Fed. R. Evid. 611(a) that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth [and to] (2) avoid wasting time." "If the contents of a deposition are a necessary element of a party's proof, the preferred mode of presentation is a succinct stipulated statement or summary of the material facts that can be read to the jury. Most of the contents of pretrial depositions are irrelevant or at least unnecessary at trial; the material portions rarely exceed a few lines or pages. The judge should encourage the parties to agree on a fair statement of the substance of the testimony." Id. (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) § 12.331 (2004).

The court has expressed its view several times that proceeding on depositions rather than with live testimony will likely make it exceedingly difficult for the jury to engage with and focus on the testimony. The court also has instructed the parties to clear up their objections in advance of trial. In order to attempt to make the deposition evidence more manageable for the jury, the court will exercise its discretion to control the manner in which deposition testimony is presented and order that the parties, for each witness who will not testify live in court, prepare a succinct stipulated statement of that witness's deposition testimony. It is this statement, rather than the deposition, that will be read to the jury for each such witness. To the extent the parties are unable to agree on whether something should be included in the statement, they shall set out for the court, in a separate document from the statement, the matters on which they disagree. The court expects any disagreements will be minimal or nonexistent. The proponent shall provide authority for why it should be included in the statement and the opponent shall provide authority for why it should be excluded. The statements and the documents setting forth the parties' disagreements shall be filed with the court on or before May 14, 2018.

The parties are also directed to discuss settlement and encouraged to contact Magistrate Judge Johnston to enlist his services in facilitating a settlement. The parties shall report to the court by May 1, 2018 as to their settlement efforts.

For the foregoing reasons, plaintiff's motions in limine are granted, defendant's first motion in limine is granted, and defendant's second and third motions in limine are denied. The stipulated statements of witness deposition testimony and the documents addressing any disagreements as to what should be included in such statements as discussed herein shall be filed on or before May 14, 2018. As directed herein, the parties shall report to the court as to their settlement efforts by May 1, 2018.

Date: 3/27/2018	ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)